UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ROBERT MORROW, Executor of ) <br> The ESTATE OF JAMES MEYER and ) <br> LINDA MEYER, SURVIVING ) <br> SPOUSE, ) <br>  ) <br>     Plaintiffs ) <br>  ) <br> v. ) <br>  ) <br> UNITED STATES OF AMERICA and ) <br> ANTHONY KLAPPA, M.D., ) <br>  ) <br>     Defendant. ) | CASE NO. _____ <br><br> COMPLAINT AND JURY DEMAND |

Plaintiffs allege:

**GENERAL ALLEGATIONS--JURISDICTION AND VENUE**

1. This action arises under the Federal Tort Claims Act ("FTCA"), Sections 2671 through 2680 of Title 28 of the United States Code. This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

2. Plaintiff Robert Morrow is the Executor of the Estate of James Meyer. Mr. Morrow is a resident of Elkader, Clayton County, Iowa.

3. The last residence of decedent James Meyer was Elkader, Clayton County, Iowa.

4. Plaintiff Linda Meyer is the surviving spouse of decedent James Meyer. Mrs. Meyer was a resident of Elkader, Clayton County, Iowa at the time of Mr. Meyer's death.

5. Decedent James Meyer was a veteran of the United States armed services, and, at all times material, a patient of the Iowa City, Iowa VA Medical Center.

1

6. At all times material to this complaint, Dr. Anthony Klappa was a staff physician at the Iowa City VA Medical Center, and acting within the course and scope of his employment at that facility.

7. In accordance with the FTCA, plaintiff Robert Morrow presented the estate's claim in the amount of $1,500,000.00 to the Veterans Administration on October 15, 2019. By April 15, 2020, the VA had neither accepted nor rejected the claim, and, pursuant to 28 U.S.C.A. § 2675(a), plaintiff Morrow elects to consider the failure to act as a final denial of the claim.

8. In accordance with the FTCA, plaintiff Linda Meyer presented her claim in the amount of $1,500,000.00 to the Veterans Administration on October 15, 2019. By April 15, 2020, the VA had neither accepted nor rejected the claim, and, pursuant to 28 U.S.C.A. § 2675(a), plaintiff Morrow elects to consider the failure to act as a final denial of the claim.

## COUNT I

## MEDICAL NEGLIGENCE/WRONGFUL DEATH

9. Plaintiffs incorporate by reference paragraphs 1 through 8 of the General Allegations, above.

10. On 11/11/17 Mr. James Meyer was seen in the Iowa City VA Medical Center ("VAMC") emergency department by Dr. Klappa with complaints of cramping under his ribs to his back and bilateral forearms. A chest x-ray was taken and read as showing a "4.9 cm oval density in the left upper lung." This was indicated by the interpreting radiologist as a "POSSIBLE MALIGNANCY." (Ex. A, p. 602)

11. On 10/15/18 Mr. Meyer was seen at the Iowa City VAMC primary care clinic for shortness of breath. The 11/11/17 x-ray report was reviewed at that time, and the report of a 4.9

2

cm density in the left upper lung was noted, apparently for the first time, and it was commented that "unfortunately, no additional imaging was performed at that time." (Ex. A, p. 315)

12. On 10/19/18 a chest CT showed the mass in Mr. Meyer's left upper lung to have increased in size to 13.9 cm in greatest diameter. (Ex. A, pp. 607 – 609)

13. On 10/24/18 Mr. Meyer presented to the Iowa City VAMC for follow-up of the belated discovery of his lung cancer. It was noted during this visit "It is unclear why he was never further evaluated" in November 2017. (Ex. A, pp. 327 – 328)

14. Mr. Meyer died on 2/3/19. The cause of death stated by the certifying physician on Mr. Meyer's Certificate of Death was metastatic non small cell lung cancer.

15. The failure to follow up on the 11/11/17 chest x-ray results fell below the applicable standard of care. This breach was a direct and proximate cause of the development of the cancer that ultimately led to Mr. Meyer's death. The Meyers could not have reasonably discovered the significance of this omission until 10/15/18, at the earliest, when physicians at the Iowa City VAMC themselves noted the radiographic finding of 11/11/17.

16. Robert Morrow, as Executor of the Estate of James Meyer, seeks a judgment for damages in a fair and reasonable amount as shown by the evidence, together with interest and costs as provided by law.

## COUNT II

## SPOUSAL CONSORTIUM

17. Plaintiff Linda Meyer incorporates by reference paragraphs 1 through 8 of the General Allegations, and paragraphs 8 through 16 of Count I, above.

18. Plaintiff Linda Meyer has suffered a loss of consortium as a result of the defendant's

negligence.

19. Linda Meyer, as surviving spouse of James Meyer, seeks a judgment for damages in a fair and reasonable amount as shown by the evidence, together with interest and costs as provided by law.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on any and all issues related to this case.

Date: 01/22/2021

Respectfully Submitted,

/s/ *James H. Cook*
James H. Cook, Esq., AT0001622
**DUTTON, DANIELS, HINES, KALKHOFF, COOK & SWANSON, PLC**
3151 Brockway Rd.
P.O. Box 810
Waterloo, IA 50701
Tel: 319-234-4471
Fax: 319-234-8029
Email: jcook@duttonfirm.com

Counsel for Plaintiff